CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 08, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DE'ANTHONY JEREMIAH LARK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00302 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **H.E. JOHNSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*De'Anthony Jeremiah Lark, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by retaliating against him for using protected speech and denying him due process protections in a related disciplinary proceeding.

Along with his submission of the Complaint, Lark paid the filing fee for this case. He was then directed to serve the defendants within ninety days. Minute Order, Dkt. No. 2. Lark was cautioned that failure to accomplish service by the deadline may result in dismissal of the case. *Id.* Because there was no evidence in the case file that Lark accomplished service upon the defendants within the prescribed time frame, the court issued a Show Cause Order on July 21, 2026. Order, Dkt. No. 4. The court "provide[d] final notice to Lark that his cause of action may be dismissed unless he shows good cause for failure to serve the defendants within

the specified time frame." *Id.* Lark was directed to demonstrate good cause within thirty days and was expressly warned that his case would be dismissed otherwise. *Id.*

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). The original ninety-day deadline for service and subsequent thirty-day deadline to show cause for failure to accomplish service have both elapsed and there has been no communication from Lark. The court has specifically provided notice to Lark and offered him the opportunity to show good cause before sua sponte dismissing the Complaint. *See Boone v. Moore*, 844 F. App'x 667, 668 (4th Cir 2021) (unpublished). Thus, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure, dismissal without prejudice is warranted.

For these reasons, the Complaint will be dismissed without prejudice and a separate Judgment will be entered.

ENTER: September 8, 2026

/s/ JAMES P. JONES
Senior United States District Judge